IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J.L.C.,[*] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-683-C |
| | ) | |
| WAYNE McKINNEY, in his individual | ) | |
| capacity and his official capacity as | ) | |
| Sheriff of Stephens County, Oklahoma; | ) | |
| BRANDON WILEY BALTHROP, in his | ) | |
| individual capacity and in his official | ) | |
| capacity as a Stephens County Deputy | ) | |
| Sheriff; and LAWSON GUTHRIE, in his | ) | |
| individual capacity and in his official | ) | |
| capacity as a supervisor (lieutenant) | ) | |
| with the Stephens County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983 and the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. §§ 151 et seq. ("OGTCA"), seeking damages for alleged wrongdoing by Defendants. Accepting the facts alleged in Plaintiff's Complaint, on July 7, 2010, Plaintiff was driving in Stephens County en route to her mother's home. She was being followed by a friend who did not know the way. Defendant Balthrop initiated a traffic stop of Plaintiff's friend. Plaintiff then pulled over to await the completion of the traffic stop. After noting that her friend was having a difficult time finding her driver's

---

[*] At the Status Conference, counsel for Plaintiff was directed to provide authority which permits Plaintiff to proceed identified only by her initials. The Court's use of initials here does not reflect tacit approval.

license, Plaintiff went back to the area of the traffic stop to offer assistance. According to Plaintiff, Defendant Balthrop subjected Plaintiff to a field sobriety test and then instructed her to pull her bra away from her body and shake it, turned her away from him, and ran his fingers around her waistline inside her pants, forced his hands down her pants groping her vaginal area, shined his flashlight into her pants, and viewed her vaginal area. Following this intrusive search, Plaintiff asserts that Balthrop returned to his vehicle. Plaintiff, along with the other individuals present at the traffic stop, located her friend's driver's license. After verifying the validity of the license, Defendant Balthrop allowed Plaintiff and her friends to leave.

The next morning Plaintiff reported Balthrop's conduct to the Stephens County Sheriff's Department. According to Plaintiff, her complaints about Defendant Balthrop's conduct were met with disdain and insinuations that she had fabricated the event. Ultimately, an Oklahoma State Bureau of Investigation occurred. That investigation found: that Plaintiff's claim had merit; that Balthrop had engaged in prior instances of misconduct; that certain of those incidents of misconduct had occurred prior to his hire by the Stephens County Sheriff's Department; and that that information was available to the Stephens County Sheriff's Department at the time it elected to hire Defendant Balthrop. Plaintiff alleges that in spite of this knowledge, Defendant McKinney hired Defendant Balthrop. Seeking to recover for the alleged constitutional and tort actions perpetrated against her, Plaintiff filed the present action.

Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff's Complaint fails to state a claim for relief. According to Defendants, Plaintiff's first, second, and third causes of action should be dismissed as to Defendant McKinney in his individual capacity because Plaintiff failed to alleged any personal participation by Defendant McKinney. Defendants next seek dismissal of the first, second, and third causes of action as to Defendant Balthrop in his official capacity, asserting that an official capacity suit against a non-final decision or policymaker is improper under the law; Defendants argue that Plaintiff's fourth cause of action should be dismissed as to Defendant Guthrie in his official capacity, as Defendant Guthrie has no official capacity; Defendants argue that Plaintiff's fifth, sixth, and seventh causes of action should be dismissed as Defendant McKinney is not a proper party under the terms of the OGTCA and is immune from suit under that Act; and finally Defendants argue that Plaintiff's claim for punitive damages against Defendants McKinney, Guthrie, and Balthrop in their official capacities should be dismissed as neither § 1983 nor the OGTCA permits an award of punitive damages against a state entity. In response, Plaintiff argues that her claims are properly pled and well supported both factually and legally and requests the Court to deny Defendants' motion in its entirety.

Defendants' request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the well-pled allegations in Plaintiffs' Complaint and determine if they state a plausible claim for relief. The Court must examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for

relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

In their challenge to Counts One, Two, and Three of Plaintiff's § 1983 claims against Defendant McKinney, Defendants argue that because Plaintiff has failed to allege personal participation by Defendant McKinney in these counts, the claims must be dismissed. Defendants recognize that Plaintiff alleged a claim for failure to supervise in Count Four, but assert that the failure to include any allegations of personal participation in Counts One, Two, and Three, warrant dismissal of the claims.

Defendants' arguments do not warrant dismissal. Although Count Four raises a specific allegation for failure to supervise, that fact does not preclude other allegations of wrongdoing by Defendant McKinney. To establish liability against McKinney for Balthrop's actions, Plaintiff must show: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2150 (2011). While Plaintiff's Complaint may

4

be inartfully drafted, the allegations in Counts One, Two, and Three, allege facts which if proven would demonstrate a violation of Plaintiff's constitutional rights and that give rise to liability by Defendant McKinney under the above quoted authority. Accordingly, Defendants' motion will be denied on this proposition.

Defendants' second argument for dismissal is that Plaintiff's first, second, and third causes of action should be dismissed as to Defendant Balthrop in his official capacity. According to Defendants, because Defendant Balthrop has no official capacity, and he has no final policymaking authority with regard to the Stephens County Sheriff's Office, naming him as a defendant in his official capacity is improper and dismissal is the appropriate remedy. In response, Plaintiff argues that Defendants confuse the concept of who must be the source of a policy, practice, or custom which would give rise to § 1983 liability versus who may be held liable or who may be named as a defendant in such a case. According to Plaintiff, because she has raised sufficient allegations that Defendant Balthrop violated her constitutional rights, she may sue him in his individual and official capacities.

The Court finds Plaintiff's arguments well founded. Defendants, in arguing that Defendant Balthrop is an improper defendant, improperly conflate the concepts of who may be sued and the legal theories giving rise to a claim. A claim against defendant in his official capacity is nothing more than a suit against the entity. While the official capacity claims against Balthrop may be superfluous, the arguments raised by Defendants' motion do not warrant dismissal.

Defendants' third proposition seeks dismissal as to Defendant Guthrie in his official capacity, arguing that Defendant Guthrie has no official capacity as he does not have final policymaking authority with regard to the operation of the Stephens County Sheriff's Office and therefore he cannot be sued in his official capacity. This argument fails for the reasons noted above.

In their fourth proposition for dismissal, Defendants seek dismissal of Plaintiff's fifth, sixth, and seventh causes of action against Defendant McKinney in his official capacity. Defendants rely upon § 163 of the OGTCA which states in pertinent part:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .

51 Okla. Stat. § 163(C).

Plaintiff's arguments in support of her OGTCA claim against Defendant McKinney are without merit. The cases cited by Plaintiff fail to address the specific point raised by Defendants and are not helpful. Rather, as Defendants argue, the statute clearly provides that liability for any tortious acts undertaken within the scope of any of the named Defendants' employment can only be brought against the governmental entity, which Defendants assert is the Board of County Commissioners of Stephens County. Accordingly, Defendants' Motion to Dismiss will be granted without prejudice on this point. Plaintiff will be allowed to amend her Complaint to add the Board of County Commissioners of Stephens County as a Defendant.

Finally, Defendants challenge Plaintiff's assertion of punitive damages claims, asserting that no punitive damages may be awarded against the municipal entity under § 1983 or the OGTCA.  Plaintiff notes her agreement with this assertion of law, but asserts that she may well have other valid punitive damages claims against the Defendants in their individual capacities.  Because Plaintiff has stated a claim for relief which may be valid under the law, and the parties are in agreement as to the reach of that claim, the Court finds it unnecessary to dismiss the claim as requested by Defendants.

For the reasons set forth herein, Defendants Wayne McKinney, Lawson Guthrie, and Brandon Balthrop, in His Official Capacity's [sic], Partial Motion to Dismiss (Dkt. No. 12) is granted in part and denied in part.

IT IS SO ORDERED this 19th day of January, 2012.

ROBIN J. CAUTHRON
United States District Judge