IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J.L.C., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CIV-11-683-C |
| | ) |
| WAYNE McKINNEY, in his individual | ) |
| capacity and his official capacity as | ) |
| Sheriff of Stephens County, Oklahoma, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This lawsuit arises out of a traffic stop that occurred on July 7, 2010. Defendant

Balthrop pulled over M.G., a friend of the Plaintiff who was following the Plaintiff and did

not know the way to the destination. The Plaintiff approached the traffic stop on foot,

explained the situation and asked whether she could assist in finding M.G.'s driver's license.

The Plaintiff alleges that Balthrop then submitted Plaintiff to a test for alcohol consumption,

which proved negative, and to a search of her person. Plaintiff alleges that Balthrop

unconstitutionally searched her person, including placing his hands down into her pants and

his fingers into her vaginal area. Defendant McKinney hired Balthrop as a deputy in

November 2009. The Plaintiff asserts that the Defendant knew Balthrop had a history of

sexual misconduct at the time of hiring.

The Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, seeking to

vindicate the infringement of her Fourth and Fourteenth Amendments rights. Defendant

McKinney, in his individual capacity, filed the present motion asserting that the undisputed facts entitle him to judgment. The Defendant argues that the Plaintiff cannot satisfy the elements of supervisory liability and thus the Defendant has qualified immunity.

## II. STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). When considering a motion for summary judgment, a court must view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

Generally, the movant bears the initial burden of demonstrating the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, in cases where the defendant's motion for summary judgment rests on a claim of qualified immunity, a court "must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). If the plaintiff successfully meets this burden, then the defendant, as an ordinary movant for summary judgment, bears the burden of showing that no material issues of fact would defeat the claim of qualified immunity. Id. at 412 (citing Mick v. Brewer, 76 F.3d 1127, 1134 (10th Cir. 1996)).

## II.  ANALYSIS

Defendant McKinney in his individual capacity argues that he is entitled to qualified immunity.  The Plaintiff must show that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct."  Estate of Booker, 745 F.3d at 411.

There is no question that at the time of the incident the Plaintiff had Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures and from unlawful and excessive use of force.  U.S. Const. amend. IV; U.S. Const. amend. XIV, § 1. A police officer sexually assaulting a person during a search performed under the color of law would certainly violate those clearly established rights.

The more difficult question is whether a reasonable jury could find that the Defendant, as Balthrop's supervisor, violated the Plaintiff's constitutional rights.

Government officials are not liable for the unconstitutional conduct of subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable [in] . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id.

"[A] supervisory relationship alone is insufficient for liability under § 1983."  Poolaw v. Marcantel, 565 F.3d 721, 732 (10th Cir. 2009).  A plaintiff must establish "an affirmative link" between the supervisor and the violation.  Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010).  Establishing an affirmative link requires a showing that the defendant had

(1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind. Id.

In Iqbal, the Supreme Court articulated a stricter liability standard for § 1983 actions, but the Tenth Circuit has not interpreted the precise contours of the personal involvement standard. Schneider v. City of Grand Junction Police Dep't., 717 F.3d 760, 768 (10th Cir. 2013). In Dodds, the Tenth Circuit restated its pre-Iqbal standard regarding personal involvement. Dodds, 614 F.3d at 1195. "A plaintiff could establish the defendant-supervisor's personal involvement by demonstrating his 'personal participation, his exercise of control or direction, or his failure to supervise.'" Id. (quoting Poolaw, 565 F.3d at 732). "Personal involvement does not require direct participation." Id.

In Dodds, the question presented was whether a sheriff could be liable for an eighteen-year-old policy that deprived the plaintiff of his protected liberty interest in posting bail. Id. at 1189-91. The Tenth Circuit held that the facts, viewed in the light most favorable to the plaintiff, showed the defendant may have "deliberately enforced" or "actively maintained" the policy and that such a showing was sufficient to establish personal involvement. Id. at 1204.

The case at hand involves more than the maintenance of a policy. The Plaintiff alleges that the Defendant knew of a sexual misconduct allegation against Balthrop when the Defendant made the decision to hire Balthrop. The Plaintiff has presented facts showing that the Defendant has total authority over hiring decisions. These facts, viewed in the light most favorable to the Plaintiff, show the Defendant personally participated in and had control over

the decision to hire a person with a known history of sexual misconduct. The Defendant placed Balthrop in the position of authority that Balthrop used to allegedly sexually assault the Plaintiff while acting under the color of the law.

Causation "requires the plaintiff to show that the defendant's alleged action(s) caused the constitutional violation." Schneider, 717 F.3d at 768. The plaintiff establishes causation "by showing 'the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights.'" Dodds, 614 F.3d at 1195-96 (quoting Poolaw, 565 F.3d at 732-33) (internal citation omitted).

In addition to causation, a defendant must have the requisite state of mind. "[A] plaintiff must establish that the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." Serna v. Colo. Dep't. of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (citing Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)). "'The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.'" Schneider, 717 F.3d at 771 (quoting Barney v. Pulsipher, 143 F.3d 1299 (10th Cir. 1998)). Mere negligence is not enough to hold a supervisor liable. Serna, 455 F.3d at 1151.

When the claim of liability rests upon a hiring decision, a plaintiff must show that the decision "'reflects deliberate indifference to the risk that a violation of a particular

constitutional or statutory right will follow the decision.'" Schneider, 717 F.3d at 772 (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 411 (1997)).

The Defendant's decision to hire Balthrop provided Balthrop with the opportunity to use his authority as a police officer to violate the constitutional rights of others. By hiring a person with known history of sexual misconduct, the Defendant set into motion the series of events that led to the alleged sexual assault of the Plaintiff. The fact that the Duncan Police Department refused to hire Balthrop and removed him from its reserves after learning of the misconduct provides evidence that the Defendant should have been aware of the risk that Balthrop would use his authority to deprive others of their constitutional rights. The Defendant said in a deposition that employing someone with a history of sexual misconduct would cause him concern about whether that employee would take advantage of the authority. (Pl.'s Br. Ex. 1, p. 48, ll. 186:22-187:4.) The Defendant further agreed that a law enforcement officer with a history of sexual misconduct could be dangerous to the community. (Pl.'s Br. Ex. 1, p.47, ll. 185: 10-18.) A reasonable jury could find that the Defendant showed deliberate indifference when he consciously chose to ignore the risk that Balthrop would use a law enforcement position to deprive others of their constitutional rights.

The Plaintiff has produced sufficient evidence to establish an affirmative link between the Defendant's decision to hire Balthrop and the violation of the Plaintiff's constitutional rights. The Court holds that a reasonable jury could find that the Defendant violated the

Plaintiff's Fourth and Fourteenth Amendment rights which were clearly established when the violation occurred.

The burden now switches to the Defendant who, as an ordinary movant for summary judgment, bears the burden of showing that no material issues of fact would defeat the claim of qualified immunity. Brown, 520 U.S. at 412 (citing Brewer, 76 F.3d at 1134). Viewing the facts in the light most favorable to the Plaintiff, a genuine issue of material facts exists as to the extent of the Defendant's knowledge of Balthrop's history of sexual misconduct at the time the decision to hire Balthrop was made. The Defendant's knowledge at the time of hiring is a determining factor in establishing an affirmative link between the Defendant's actions and the constitutional violation. Thus, it is material.

## III. CONCLUSION

Accordingly, "Defendant Wayne McKinney's, in his Individual Capacity, Motion for Summary Judgment" (Dkt. No. 100) is hereby DENIED.

IT IS SO ORDERED this 19th day of August, 2014.

ROBIN J. CAUTHRON
United States District Judge

7